UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

NDEYE MARIEME KAMARA,

    Plaintiff,

v.

THE KEYES COMPANY,
a Florida Corporation,

    Defendant.
_____/

**COMPLAINT**
and
**JURY DEMAND**

    Plaintiff, Ndeye Marieme Kamara, by and through her undersigned attorneys, files this Complaint for injunctive and declaratory relief, damages, costs, and attorneys' fees against Defendant, The Keyes Company, and as good grounds states as follows:

**PRELIMINARY STATEMENT**

    1.    This action arises as a result of Defendant's discriminatory actions perpetrated against families with children under fourteen years old with respect to the sale and advertisement of a condominium unit at the Astor Condominiums, located at 3510 Harrison Street, Unit 8, Hollywood, FL 33021.

    2.    Specifically, Defendant has violated the Fair Housing Act by, among other things, making, printing, and publishing, and causing to be made, printed, and published any statement or advertisement, with respect to the sale or rental of a dwelling, that indicates any preference, limitation, or discrimination based on familial status.

## JURISDICTION AND VENUE

3.  Jurisdiction is invoked pursuant to 42 U.S.C. § 3613(a), in that Plaintiff asserts her claims of housing discrimination in a civil action, and also pursuant to 28 U.S.C. §§ 1331, 2201 and 1343(a)(4), in that this is a civil action seeking to redress the deprivation of the right to fair housing secured to Plaintiff by the Fair Housing Act.

4.  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Plaintiff seeks preliminary and permanent injunctive relief pursuant to Rule 65, Federal Rules of Civil Procedure.

5.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) in that the events and/or omissions giving rise to the claims herein occurred in this district, and the Defendant conducts business in this district.

## PARTIES

6.  Plaintiff, Ndeye Marieme Kamara, is the mother of a child under the age of fourteen. Mrs. Kamara is deeply committed to fair housing, and the goals of the Fair Housing Act. Mrs. Kamara was and continues to be adversely affected by the acts, omissions, policies, and practices of the Defendant and its agents.

7.  Defendant, The Keyes Company ("Keyes"), is a Florida corporation that is comprised of licensed real estate professionals who have been educated, trained, and tested in fair housing laws.

## FACTUAL ALLEGATIONS

8.  While looking through real estate advertisements, Mrs. Kamara visited: http://www.elliman.com/florida/3510-harrison-street-8-hollywood-xopqpbr, and encountered an advertisement for the sale of a condominium at the Astor Condominiums, located at 3510

Harrison Street, Unit 8, Hollywood, FL 33021.  The advertisement stated "NO CHILDREN UNDER 14 YEARS OLD."

9. Being familiar with Fair Housing laws, Mrs. Kamara was shocked that the advertisement contained such overtly discriminatory language, in blatant disregard for Federal Fair Housing laws.

10. The advertisement stated "This listing courtesy of The Keyes Co., REALTORS".

11. Upon information and belief, Defendant Keyes developed the text of the advertisement, including the text of the blatantly discriminatory age restriction.

12. At a later date, Mrs. Kamara reviewed the Florida Commission on Human Relations's 55-and-over Community listings.  As a result of her investigation, she determined that the Astor Condominiums was not listed a registered 55-and-over community.

13. As an individual who is dedicated to combating discrimination and advancing fair housing, and as a mother of a child under the age of fourteen, Mrs. Kamara was emotionally distraught and extremely insulted by the advertisements and evidences of discrimination that she viewed and uncovered.

**COUNT 1:**
**VIOLATION OF THE FAIR HOUSING ACT AGAINST**
**THE KEYES COMPANY**

14. Plaintiff repeats and realleges paragraphs 1 through 13 as if fully set forth herein.

15. This Count 1 is brought by Plaintiff against the Defendant, The Keyes Company.

16. Defendant, The Keyes Company, is liable to Plaintiff for all injuries caused by the Fair Housing Act violations committed by Defendant, The Keys Company, and its agents.

17. Defendant, The Keyes Company, has violated the Fair Housing Act by, among other things, making, printing, or publishing, or causing to be made, printed, or published a

notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates a preference, limitation, or discrimination based on familial status.

18. A discriminatory purpose, not any legitimate reason, was a motivating factor behind Defendant, The Keyes Company's, aforementioned discriminatory actions and/or omissions.

19. As a result of Defendant, The Keyes Company's actions, omissions, policies and procedures as described above, Plaintiff suffered, is continuing to suffer, and will in the future suffer irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress, and a deprivation of her right to a fully integrated community.

20. In engaging in this unlawful conduct described above, Defendant, The Keyes Company, acted with evil intent, malice, wantonness, and lucre to damage the rights and feelings of Plaintiff, in violation of the Fair Housing Act. This is evidenced, in part, by the fact that Defendant, The Keyes Company, is comprised of licensed real estate professionals, who have been educated, trained, and tested in fair housing laws; and despite such education, training, and testing, chose to engage in unlawful discrimination.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. declare the actions, omissions, policies, and procedures of Defendant, The Keyes Company, complained of herein to be in violation of the federal Fair Housing Act, specifically 42 U.S.C. § 3604(c);

B. enter a permanent injunction enjoining Defendant, The Keyes Company, its successors, and its servants, agents and employees, and all those acting in concert with it, from making, printing, or publishing notices, statements, or advertisements that indicate a preference, limitation, or discrimination based on familial status;

    C. enter a permanent injunction compelling Defendant, The Keyes Company, its successors, and its servants, agents and employees, and all those acting in concert with it, to adopt policies, procedures and practices, which will ensure that no advertisements indicating a preference, limitation, or discrimination based on familial status are made, printed, or published in the future;

    D. award compensatory and punitive damages to Plaintiff against Defendant, The Keyes Company, to compensate Plaintiff for, among other things, the humiliation, embarrassment, and emotional distress caused by Defendant, The Keyes Company's, discriminatory actions;

    E. award Plaintiff her costs and reasonable attorneys' fees in this action; and

    F. award Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

 Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable in this matter.

        Respectfully submitted,

        Joshua A. Glickman, Esq.
        Florida Bar No. 43994
        josh@sjlawcollective.com
        Shawn A. Heller, Esq.
        Florida Bar No. 46346
        shawn@sjlawcollective.com

        Social Justice Law Collective, PL
        P.O. Box 70327
        Washington, DC 20024
        (202) 709-5744
        (866) 893-0416 (Fax)

Attorneys for the Plaintiff

By: _s/ Joshua A. Glickman_
    Joshua A. Glickman, Esq.